O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELERITY EDUCATIONAL GROUP, a California Nonprofit Public Benefit Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>  Defendant. | CV 17-03239-RSWL-JC<br><br>**ORDER re: Plaintiff's Motion for Clarification or, Alternatively, Reconsideration** [71] |

On April 11, 2018, the Court granted in part and denied in part Defendant Scottsdale Insurance Company's ("Defendant") and Plaintiff Celerity Educational Group's ("Plaintiff") cross-Motions for Summary Judgment ("MSJ"). In its MSJ Order, the Court held that Defendant has no duty to provide independent counsel to Plaintiff and has a duty to provide separate counsel only to one of Plaintiff's board members unless

1

he gives informed consent to joint representation. Currently before the Court is Plaintiff's Motion for Clarification or, Alternatively, Reconsideration ("Motion") [71]. Essentially, Plaintiff seeks a ruling that Defendant owed a duty to provide independent counsel to Plaintiff between March 14, 2017 and June 2, 2017. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion.

**I. DISCUSSION**

**A.  Legal Standard**

1.  Clarification

Federal Rule of Civil Procedure ("Rule") 60(a) "allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012). It further allows the court to clarify and explain, "consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." Id. Whether a mistake may be corrected depends "on what the court *originally intended* to do." Tattersalls, Ltd. v. Dehaven, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987)).

///

2. <u>Reconsideration</u>

A party may move for reconsideration pursuant to Rules 59(e) and 60(b). See <u>SEC v. Platforms Wireless Int'l Corp.</u>, 617 F.3d 1072, 1100 (9th Cir. 2010). Under Rule 59(e), a court may reconsider a judgment "if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." <u>Wood v. Ryan</u>, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks and quotation omitted). Such remedy is extraordinary and is to be used sparingly. <u>Id.</u> (quotation omitted). Rule 59(e) motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 60(b) permits reconsideration of "a final judgment, order, or proceeding" for (1) mistake, surprise, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) any other reason justifying relief. A movant under Rule 60(b)(6) must show that "extraordinary circumstances" justify relief. <u>Wood</u>, 759 F.3d at 1120 (quoting <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 535 (2005)). Rule 60(b) only provides relief from "orders that terminate litigation and are subject to appeal." <u>Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.</u>, 886 F.3d 803, 816 (9th Cir. 2018) (citation omitted). Such motions "must be made within

a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

Additionally, Rule 54(b) authorizes courts, before the entry of judgment, to revise orders that adjudicate fewer than all of the claims in the action. See also City of L.A. v. Santa Monica BayKeeper, 254 F.3d 882, 885 (9th Cir. 2001) (quotation omitted). Local Rule 7-18 provides that reconsideration of a decision on a motion is available only on the following grounds: (1) material difference in fact or law that could not have been known by the movant at the time of decision despite reasonable diligence; (2) new facts or law that emerged after the time of decision; or (3) manifest showing of the court's failure to consider material facts presented before such decision. The motion must not repeat any argument made in support of or opposition to the original motion. C.D. Cal. R. 7-18.

**B. Analysis**

1. Clarification

In its MSJ Order, the Court expressly found that "no reasonable jury could find that a conflict of interest *has arisen* . . . that requires the appointment of independent counsel." Order re: MSJ 15:19-22 (emphasis added), ECF No. 50. Indeed, Plaintiff proffered "no evidence that Defendant made a reservation of rights as to an issue that will be controlled by counsel selected by Defendant in the

4

federal investigation." Id. at 15:23-26. As such, Defendant has, and had, no duty to provide independent counsel to Plaintiff. See id. at 23:12-15 ("Defendant's Motion is DENIED in part with respect to its duty as to Walden but is GRANTED in part with respect to its duty as to any other Insured." (emphasis omitted)).

Nevertheless, Plaintiff filed this Motion "to confirm [that its] independent counsel claim, as stated in its First, Second, and Fourth Causes of Action, was not disposed of for the period of time prior to [Defendant] withdrawing its conflict-causing reservation of rights on June 2, 2017." Pl.'s Mot. for Clarification or Recons. 13:11-16, ECF No. 71-1. The facts at issue are: (1) Defendant's March 14, 2017 reservation of rights with respect to the definition of "Loss," which excludes, among other losses, "matters uninsurable under the laws" and punitive damages; and (2) Defendant's June 2, 2017 clarification that the "Loss" reservation only extends to the "lack of coverage for punitive damages." Order re: MSJ 5:2-6, 9:14-10:13.

Plaintiff misrepresents the MSJ Order by claiming that the Court found "that the existing conflict of interest was 'extinguished' on June 2, 2017." Pl.'s Reply in Supp. of Mot. 8:22-25 (quoting Order re: MSJ 16:27), ECF No. 75. The MSJ Order instead states that "[a]ny conflict that *might* have existed . . . has been

5

extinguished." Order re: MSJ 16:23-27 (emphasis added). A merely "theoretical" or "potential" conflict, like this, does not require independent counsel. Dynamic Concepts, Inc. v. Truck Ins. Exch., 71 Cal. Rptr. 2d 882, 887 (Ct. App. 1998) (citation omitted).

"At most, [general reservations of rights] create a theoretical, potential conflict of interest—nothing more." Federal Ins. Co. v. MBL, Inc., 160 Cal. Rptr. 3d 910, 925 (Ct. App. 2013) (citing Dynamic Concepts, 71 Cal. Rptr. 2d at 889 n.10); see also Argonaut Ins. Co. v. Elite Home Med. & Respiratory, Inc., No. SACV 11-01445-JVS (MLGx), 2012 U.S. Dist. LEXIS 196232, at *16 (C.D. Cal. Nov. 5, 2012) (finding no right to independent counsel from a general reservation of rights). Here, Defendant's broad reservation on "matters uninsurable under the laws pursuant to which the Policy is construed" was general. Decl. of Cecilia Miller ("Miller Decl."), Ex. A, ECF No. 71-3. Despite numerous other uninsurable matters, Defendant "clarified in a June 2, 2017 letter to Plaintiff that [the 'Loss'] reservation extends only to 'the lack of coverage for punitive damages.'" Order re: MSJ 16:16-18; see also Miller Decl., Ex. B, ECF No. 71-3. Punitive damages are uninsurable, Cal. Civ. Code § 2860(b), and Defendant expressly reserved its rights regarding punitive damages in the March 14, 2017 letter, Miller Decl., Ex. A. While intentional conduct

also is uninsurable, Cal. Ins. Code § 533, Defendant "did not specifically reserve its rights in that area," Hollyway Cleaners & Laundry Co. v. Cent. Nat'l Ins. Co. of Omaha, 219 F. Supp. 3d 996, 1006 (C.D. Cal. 2016). Accordingly, Defendant's general reservation did not raise an actual conflict of interest or duty to provide independent counsel between March 14, 2017 and June 2, 2017.

In sum, the MSJ Order disposed of all of Plaintiff's claims regarding Defendant's alleged duty to provide independent counsel to Plaintiff.[1] Thus, the Court **DENIES** the Motion because Plaintiff fails to satisfy Rule 60(a). Indeed, "the basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*." Tattersalls, 745 F.3d at 1297 (quoting Blanton, 813 F.2d at 1577 n.2). The MSJ Order does not have any blunders in execution because the Court intended to and did grant summary judgment in favor of Defendant as to its duty to provide independent counsel to Plaintiff.

2. Reconsideration

Alternatively, Plaintiff moves for reconsideration under Rule 60(b) to conform the MSJ Order to the

---

[1] In other words, Plaintiff's causes of action remain only with respect to Defendant's duty to provide separate counsel to Plaintiff's board member, Dana Walden, in the absence of his informed consent to joint representation.

7

foregoing requested clarification. But Rule 60(b) only applies to final orders that "are subject to appeal," <u>Nat'l Wildlife Fed'n</u>, 886 F.3d at 816 (citation omitted), not the Court's MSJ Order, which granted only partial summary judgment, see <u>Am. States Ins. Co. v. Dastar Corp.</u>, 318 F.3d 881, 884 (9th Cir. 2003) ("An order granting partial summary judgment is usually not an appealable final order." (citation omitted)). Thus, the Court **DENIES** Plaintiff's Motion. See <u>Schnitt v. Certain Underwriters at Lloyd's London</u>, No. CV 12-4939 FMO (AGRx), 2014 U.S. Dist. LEXIS 194658, at *3 n.3 (C.D. Cal. Oct. 8, 2014) (finding Rules 59(e) and 60(b) inapplicable since the order to reconsider was not a final order).

Although Plaintiff did not invoke Local Rule 7-18, the Court finds reconsideration unwarranted under it as well. Plaintiff concedes that the Motion rests on the same facts and law presented to the Court before the MSJ Order. As such, Plaintiff is entitled to relief only for a manifest showing that this Court failed to consider material facts presented to it. See C.D. Cal. R. 7-18.

In not finding a duty to provide independent counsel, Plaintiff argues, the Court must have failed to consider the following facts: (1) Defendant's reservation of rights with respect to the definition of "Loss" and its exclusion for "matters uninsurable under the laws" on March 14, 2017; and (2) Defendant's June

8

2, 2017 letter.  Plaintiff is wrong because the Court considered these facts.  See Order re: MSJ 9:14-20, 10:11-13, 16:9-27.  Accordingly, the Court will not reconsider its MSJ Order.

## II. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

DATED: August 10, 2018          s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge